**Dated: September 28, 2015**

**The following is ORDERED:**



**Tom R. Cornish**
**U.S. Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF OKLAHOMA

In re:

MARSHALL OIL CORPORATION,                                  Case No. 11-14663-TRC
                                                           Jointly Administered
                              Debtor.

GULF EXPLORATION, LLC, and
MZIMA ENERGY, LLC,

                              Plaintiffs,

v.                                                         Adv. No. 15-01223-TRC

TREK ENERGY, LLC, SHREVEPORT
OIL AND GAS CO., TMS REALTY CORP.,
PAUL E. KLOBERDANZ, JR., THE
PFANENSTIEL COMPANY, LLC, KRISTIN WEIR,
AND DOUGLAS N. GOULD, in his capacity as the
Chapter 11 Trustee of Marshall Oil Corporation
Bankruptcy Estate,

                              Defendants.

### ORDER OF ABSTENTION AND DISMISSAL

Before the Court is the Motion of Defendants Trek Energy, LLC, Shreveport Oil & Gas

Co., TMS Realty Corp., Paul E. Kloberdanz, Jr., The Pfanenstiel Company, LLC, and Kristin Weir for an Order Abstaining From Proceedings and Dismissing Adversary Complaint. Plaintiffs Gulf Exploration, LLC and Mzima Energy, LLC oppose this motion. Defendant Douglas N. Gould, Trustee for the Debtor, filed a "Disclaimer of Interest" in which he expressly disclaims any interest of the bankruptcy estate in the real properties which are the subject of this dispute between Plaintiffs and the other Defendants. This Court held an evidentiary hearing on the Motion, at which time Plaintiffs and Defendants submitted exhibits and made legal arguments, but no witnesses testified. Trustee Gould did not appear or participate. After reviewing the evidence and applicable statutory and case law, the Court concludes that it should abstain from hearing this dispute and dismiss this adversary proceeding.

## I.    Relevant Facts and Procedural History.

The underlying bankruptcy case was commenced as a chapter 11 on August 25, 2011. It was eventually converted to chapter 7 on June 2, 2014. Trustee Gould moved for an order approving a sale of substantially all of Debtor's business assets including oil and natural gas and coal bed methane wells, oil and gas leases, gas gathering systems, well equipment, and production facilities ("Sale Motion").[1] Attached as Exhibit A to the Sale Motion was a list of all assets to be sold. These assets were defined as the "Business Assets" of Debtor. Several objections were filed, including one by Defendants Shreveport Oil and Gas Co. ("Shreveport"), and TMS Realty Corp ("TMS").[2] These Defendants asserted that some of the items listed as Business Assets of Debtor were in fact owned by Shreveport Oil and TMS, rather than Debtor. A public auction to sell the Business Assets was conducted by the bankruptcy court on June 12, 2013. At a hearing just prior

---

[1] Case No. 11-14663, Docket No. 328.

[2] Case No. 11-14663, Docket No. 401.

to the start of the auction, Trustee and counsel for Shreveport and TMS announced an agreement
to resolve Shreveport and TMS's objection to the sale by excluding fourteen of the wells listed in
Exhibit A to the Sale Motion, and by segregating and not distributing the proceeds from the sale
of the Business Assets pending resolution of Shreveport's and TMS's claims against Debtor at
some future time.[3]  Gulf Exploration Co. ("Gulf") was the high bidder, obtaining Debtor's
Business Assets for $ 1,250,000.00.  The sale of Debtor's Business Assets to Gulf was approved
by the bankruptcy court's Order filed June 28, 2013 ("Sale Order").[4]  That order included findings
that Trustee was selling the Business Assets "free and clear of all liens, claims, interests and
encumbrances of any type whatsoever …."[5]  The Sale Order also stated that the Business Assets
"do not include any property not owned by the Debtor …however the Trustee is selling any and
all rights he may have in such assets …."[6]  A post-sale injunction was imposed against persons
claiming any interest in the Business Assets or the Debtor:

> …all persons holding liens, claims, interests or encumbrances against or in the
> Business Assets or the Debtor of any kind or nature whatsoever and any person
> receiving notice of this order at any time hereafter shall be, and hereby are, forever
> barred, estopped, and permanently enjoined from asserting, prosecuting, or
> otherwise pursuing such interests of any kind or nature whatsoever against Buyer,
> its property, its successors and assigns, or the Business Assets with respect to any
> interest of any kind or nature whatsoever including without limitation, any claims
> against the Debtor or the Buyer for claims recognized in law or equity whereby
> creditors of the Debtor may assert their claims against the Business Assets or the
> Buyer including but not limited to claims based upon theories of successor liability,
> alter ego, fraudulent transfer, veil piercing or any other such theories that any such
> person or entity had, has, or may have against or in the Buyer, the Trustee, the

---

[3] Case No. 11-14663, Docket No. 417, Sale Hearing Transcript 5:15 − 6:4; 14:7-15:17.

[4] Case No. 11-14663, Docket No. 425.  The Sale Order provided that Trustee and Buyer Gulf
Exploration, LLC would execute a separate agreement reflecting the "definitive agreement"
between them. That agreement is referred to in the Sale Order as the "Gulf Exploration Sale
Agreement." *See* Sale Order, ¶ 9, and ftnt. 1.

[5] Sale Order ¶31.

[6] Sale Order ¶16.

Debtor, its estate, or the Business Assets. This injunctive relief is binding and enforceable against all parties to this proceeding as well as non-parties with notice of this order. The failure of any person with notice of this order to abide by the terms hereof shall be subject to any remedy available at law or equity, including but not limited to contempt.[7]

The Sale Order also stated the following regarding future enforcement of the order:

The Court retains exclusive jurisdiction to interpret and enforce this Sale Order, to enforce the provisions of the Gulf Exploration Sale Agreement and to resolve any disputes arising under or related to the Gulf Exploration Sale Agreement or any related agreement to which the Debtor is a party and this order in all respects.[8]

After Gulf purchased the Business Assets, it transferred ownership of those assets to its subsidiary Mzima, of which it owns 75%.

In March of 2014, Trustee entered into settlements with Shreveport and TMS in which they agreed to disbursement of the escrowed sale proceeds and to mutually release all claims against each other.[9]  Later that year, on September 1, Shreveport and TMS transferred ownership of oil and gas mineral interests in Oklahoma, including interests located in Grady County, to Trek Energy. On April 15, 2015, Trek filed an action against Gulf and Mzima in District Court of Grady County, Oklahoma, seeking to quiet title to its interests in Grady County, seeking damages for tortious interference with prospective economic relations, and seeking an injunction prohibiting Gulf and Mzima from claiming ownership in the subject property ("State Court Action"). Gulf and Mzima responded on three fronts. They filed a motion to dismiss the State Court Action, which the State Court preliminarily denied while staying that action pending the outcome of

---

[7] Sale Order, ¶40.

[8] Sale Order, ¶38.

[9] Case 11-14663, Docket Nos. 649 and 650, approved by the bankruptcy court at Docket Nos. 659 and 660.

bankruptcy court proceedings.[10]  In the main bankruptcy case Gulf and Mzima filed a motion to

hold Trek in civil contempt for violation of the injunction in the Sale Order.[11]  And, they filed this

adversary proceeding seeking a determination from this Court that Mzima, not Trek, owns the

property in dispute pursuant to the terms of the Sale Order.

## II.    Conclusions of Law

Trek asks this court to abstain from hearing this adversary proceeding and dismiss this case

on the grounds that there are no bankruptcy issues presented.  It argues that abstention is mandatory

under 28 U.S.C. §1334(c)(2) because this adversary is a proceeding based upon state law claims.

Alternatively, Trek requests that this court exercise its discretion to permissively abstain under

§1334(c)(1).  Gulf and Mzima counter that the issues involve a determination of what is property

of the bankruptcy estate and enforcement of the Sale Order, which are "core" issues and matters

within the exclusive jurisdiction of this Court pursuant to §1334(e)(1) and the terms of the Sale

Order.

Trek states that it does not contend that it is entitled to recover estate property that was sold

to Gulf under the Sale Order.  Instead, it states that its ownership of the Grady County wells is

from conveyances made by the Debtor to Trek's predecessors, Shreveport and TMS, well before

Debtor filed for bankruptcy.  Indeed, some of the wells included in the conveyances from

Shreveport and TMS to Trek appear to be ones that were expressly excluded by the Trustee from

the list of Business Assets attached to the Sale Order that were sold to Gulf by Debtor.  Gulf and

Mzima allege in their Adversary Complaint that Shreveport's and TMS's ownership interests are

---

[10] Trek's Exhibit 5-E.

[11] Case 11-14663, Doc. 745.  This motion and Trek's response were put on hold pending the
resolution of the abstention motion in this adversary proceeding.  A separate order will be entered
regarding the matter.

based upon their settlement with the Trustee in which he conveyed title to estate property to Shreveport and TMS after the sale to Gulf and Mzima. The Trustee disclaims any interest in the property which is the subject of their dispute.

Trek argues that mandatory abstention applies here. The required elements for mandatory abstention are a timely motion to abstain, the action is based upon state law, an action has been commenced in state court, the action can be timely adjudicated in state court, there is no independent basis for federal jurisdiction other than the bankruptcy, and the matter is non-core.[12] Here, at least three elements exist: a timely motion to abstain has been filed, there is a pending action in state court, and it appears that the matter can be timely adjudicated in state court. Generally, a matter that is determined by state law and that could proceed in another court outside of bankruptcy court is non-core.[13] Trek argues, and this Court agrees, that Gulf and Mzima's action against Trek is essentially one to quiet title which is an action based upon state law; thus it could be brought in state court and exists independent from the bankruptcy proceeding.[14]

Gulf and Mzima dispute the characterization of this adversary proceeding as non-core. They argue that this is a core proceeding because what they are actually seeking is a determination of what was property of the estate, i.e, what assets Debtor owned when it filed bankruptcy, and they are seeking an interpretation and enforcement of this Court's Sale Order. Assuming Gulf and Mzima are correct in their analysis that these are core matters, even where a court has subject matter jurisdiction, it is not required to hear a case but may exercise its discretion to permissively

---

[12] *In re Telluride Income Growth, L.P.,* 364 B.R. 390, 398 (10th Cir. BAP 2007).

[13] *See In re Gardner,* 913 F.2d 1515 (10th Cir. 1990).

[14] *Gardner,* 913 F.2d at 1518.

abstain.[15]  Under 28 U.S.C. § 1334(c)(1), a court may abstain from core and non-core matters "in the interest of justice, or in the interest of comity with State courts or respect for State law."  Courts identify multiple factors relevant to permissive abstention, including:  the effect or lack thereof on the efficient administration of the estate; the extent to which state law issues predominate over bankruptcy issues; the difficulty or unsettled nature of applicable state law which could be more properly addressed in a state forum; considerations of comity; the presence of a related proceeding in state court; the degree of relatedness or remoteness of this proceeding to the main bankruptcy case; the substance rather than the form of an asserted "core" proceeding; the feasibility of severing state law claims from the bankruptcy case; the court's docket; the right to a jury trial, and the presence of non-debtor parties.[16]

To the extent that this Court has jurisdiction over the dispute between these third parties, the Court believes that several factors weigh in favor of abstention.  Determining the scope of Debtor's estate is a function of the bankruptcy court.  However, 11 U.S.C. §541, which defines property of the estate, does not provide any specific rules for determining whether a debtor has an interest in property.  Property interests are usually determined under state law.[17]  If this Court were to do what Gulf asks in its Adversary Complaint and determine that Mzima owns title to assets free and clear of Defendants' claimed interests it would essentially be quieting title to the property in Grady County.  Resolution of this dispute will depend upon application of Oklahoma property

---

[15] *Telluride Income Growth, L.P.,* 364 B.R. at 398.

[16] *New Jersey Lawyers' Fund for Client Protection v. Fornaro (In re Fornaro),* 402 B.R. 204, 107-108 (Bankr. D. N.J. 2009).

[17] *See Butner v. United States,* 440 U.S. 48, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979)("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. … Unless some federal interest requires a different result, there is no reason why such interest should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."

law and the examination of conveyances upon which these parties base their claims of ownership. The state court appears ready and very capable of adjudicating the competing claims in a timely manner in an action that is already pending in that court.  State law issues predominate over the bankruptcy issues.  The state court has much greater interest and experience in adjudicating the oil and gas property issues.  These factors as well as considerations of comity weigh heavily in favor of abstention.

Another significant factor in favor of abstention is that this is a dispute between two non-debtor parties over property that is no longer part of the bankruptcy estate, if indeed it ever was property of the estate.  The Trustee claims no interest in the property, therefore this Court fails to see how resolution of this dispute would have any impact on the distribution of assets or the administration of the bankruptcy estate.  Bankruptcy courts are without jurisdiction to determine conflicting claims to ownership of property which is not property of the estate.[18]  The Court sees no need to devote judicial resources to a cause that will not benefit the bankruptcy estate.  Trek has demanded a jury trial in the state court action.  To the extent that the parties are entitled to a jury trial on any claims based on state law, the state court would be the preferred forum.

The Court believes that the most important considerations in permissive abstention are the predominance of state law issues, lack of benefit to the bankruptcy estate and involvement of non-debtor parties.  All of these favor abstention.  Therefore the Court elects to abstain from hearing this adversary proceeding and will dismiss it without prejudice.

---

[18] *See Gardner,* 913 F.2d  at 1519.

**III.     Order of the Court.**

IT IS THEREFORE ORDERED THAT the Motion of Defendants Trek Energy, LLC, Shreveport Oil & Gas Co., TMS Realty Corp., Paul E. Kloberdanz, Jr., The Pfanenstiel Company, LLC, and Kristin Weir for an Order Abstaining From Proceedings and Dismissing Adversary Complaint is **granted.**  This Court abstains from resolving the issues raised in this case and finds that the Grady County District Court, State of Oklahoma, should proceed to determine the matters before it in Case No. CJ-2015-82 in accordance with its laws and procedures.

IT IS FURTHER ORDERED that this case is **dismissed without prejudice**.

### ###